Detention Order Pending Trial

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA

Case No:   12-30574

v.

PAUL STEVEN HAWK

_____/

## DETENTION ORDER PENDING TRIAL

After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I

conclude that these facts require that the Defendant be detained pending trial.

**Part I - Findings of Fact**

**A.    Motion to Detain (18 U.S.C. §§ 3142(a) and 3142(f)(1))**

__XX__    (1)    The Government moved for detention at the Defendant's first appearance

pursuant to:

>        __XX__    18 U.S.C. § 3142(f)(1).

>        ___    18 U.S.C. § 3142(f)(2).

___    (2)    A detention hearing was held on this judicial officer's motion pursuant to 18

U.S.C. § 3142(f)(2).  See part D for findings.

**B.    Rebuttable Presumption – Defendant on Release Pending Trial (18 U.S.C.**

**§3142(e)(2)**)

>    *Does not apply to this case*

**C.      Rebuttable Presumption – Probable Cause (18 U.S.C. § 3142(e)(3))**

*Does not apply to this case.*


**D.      Findings Pursuant to 18 U.S.C. § 3142(f)(2)**

*Does not apply to this case.*


**Part II - Statement of the Reasons for Detention**

I find that the testimony and information submitted at the detention hearing establishes:

**XX**     by clear and convincing evidence that, for the reasons set forth below, there is no

condition or combination of conditions which will reasonably assure the safety of the

community.


**Statement of reasons for detention pursuant to 42 U.S.C. § 3142(I):**

Having concluded that the Government timely moved for detention pursuant to 18

U.S.C. § 3142(a) in a case described in 18 U.S.C. § 3142(f), and that none of the rebuttable

presumptions in favor of detention apply, the Court will therefore consider the Defendant's

circumstances using the factors set forth in subsection 3142(g).

As to the factors set forth in subsections (g)(1) and (g)(2), I find that the offense

charged involves a domestic assault allegedly committed by a member of the Saginaw

Chippewa Native American Tribe in Indian country.  I find from review of the affidavit

supporting the Complaint, the report of Pretrial Services and the proffer of the Assistant

United States Attorney that there is a definite weight of evidence supporting the charge made

against the Defendant.

As to subsection 3142(g)(3), I find that Defendant is 48 years of age and has lived in Isabella County since 1999. He has spent most of his life in Michigan with the exception of brief periods in Florida and Hawaii. Defendant has been married and divorced twice. He has three children from those marriages, ranging in age from one to twenty years. In June of this year, the Defendant became employed at the Soaring Eagle Casino on the maintenance staff. However, since the filing of these charges the Defendant has, according to defense counsel, voluntarily resigned this position. The Defendant is Native American and receives tribal *per capita* income. The Defendant conceded to Pretrial Services, as does his counsel here today, that he regularly drinks to excess. The Defendant further stated that once he starts drinking he cannot stop. He admits to drinking on weekends, often drinking a half to a full pint of alcoholic beverages. He admits this at times causes him to blackout.

In 2008, the Defendant began attending mental health treatment at the Saginaw Chippewa Tribal Behavioral Health Center. He discontinued that counseling in 2009, but restarted it approximately one month ago. The Defendant conceded to Pretrial Services that he used marijuana as a teenager, and crack cocaine for approximately 3 years between the ages of 27 and 30. In 2006, the Defendant attended a 42 day inpatient substance abuse program in the upper peninsula of Michigan. A urine specimen was negative for any illegal controlled substances.

The Defendant's criminal history relevant to the charges made in this complaint indicates that in 2000, at age 36, the Defendant was convicted of family violence on the Saginaw Chippewa Reservation. The Assistant United States Attorney represents that the Defendant kicked and punched the victim, and then threatened the victim with death if the victim reported the incident. Two years later, the Defendant was again convicted on the Saginaw Chippewa Reservation of assault and battery - family violence - second offense. The Assistant United States Attorney proffers that the Defendant struck the victim over 100

times during a span of 45 minutes and twice attempted to strangle the victim.  In 2007, at age 43, the Defendant was again convicted on the Saginaw Chippewa Reservation of assault and battery.  In 2010, at age 46, the Defendant pled guilty to misdemeanor possession of a firearm while under the influence and was sentenced to pay fines and costs.

The Assistant United States Attorney argues that the circumstances surrounding the charges made in this criminal complaint involve an assault upon two victims, one of whom was his son.  The other victim, Janet Thomas, was punched so hard that she lost consciousness.  The Defendant also destroyed the telephone available to the victims.  The Assistant United States Attorney also proffers that the Defendant's blood-alcohol content at that time was .22, and that he was in possession of a firearm during this assault.

Defense counsel represents that there are conditions which would safeguard the community and allow for the Defendant's release on bond. Counsel concedes that much of the Defendant's criminal history is, in his own words, "fueled by alcohol."  Defense counsel eloquently suggests that the Court should give deference to the victims who wish him released.  He further argues if conditions can be crafted that will assure the Defendant's sobriety, the safety of the community will be assured.  I agree with defense counsel that deference to the victims is an important factor in deciding how to apply the Bail Reform Act's requirements.  There is merit to the argument that assuring the Defendant's sobriety could help assure the safety of the community.  However, in light of the Defendant's consistent history of assaultive crimes, destruction of property and possession of weapons, coupled with the fact that the Defendant voluntarily discontinued mental health counseling for a substantial period and underwent substance abuse counseling -  including inpatient counseling, which obviously was not successful -  I am forced to conclude that the only way to assure the Defendant's sobriety is to continue him in custody.  I further conclude that the only appropriate deference to the victims is to grant the motion to detain, as I conclude that under

the circumstances there are no conditions nor any combination of conditions that would reasonably assure the safety of the community, and more importantly, the safety of the Defendant's family.  Accordingly, the Government's motion to detain will be **GRANTED.**

**Part III - Directions Regarding Detention**

The Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal.  The Defendant must be afforded a reasonable opportunity to consult privately with defense counsel.  On order of United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the Defendant to the United States marshal for a court appearance.

Review of this Order is governed by 18 U.S.C. § 3145 and E.D. Mich. L.R. 57.2.

s/ Charles E. Binder
CHARLES E. BINDER
United States Magistrate Judge

Dated: September 26, 2012

**CERTIFICATION**

I hereby certify that this Order was electronically filed this date, electronically served on Roy Kranz and Dan O'Neil, and served on Pretrial Services and the U.S. Marshal's Service in Bay City by other electronic means.

Date: September 26, 2012          By    s/Jean L. Broucek
Case Manager to Magistrate Judge Binder